Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA STEWART, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br> v. <br><br> AUTOMATED INCOME STREAM, LLC and PROSPERITY TEAM, LLC, <br><br>               Defendants. | Case No.: _____ <br><br> <u>CLASS ACTION</u> <br><br> Complaint for Damages Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq. <br><br><br> Jury Trial Demanded |

INTRODUCTION

1.    Sabrina Stewart ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Automated Income Stream, LLC ("Defendant AIS") and Prosperity Team, LLC ("Defendant Prosperity"), in negligently and knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

JURISDICTION AND VENUE

2.    Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants, providing jurisdiction under 28 U.S.C. Section 1332.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants are subject to personal jurisdiction in the County of Los Angeles, State of California.

///

///

///

## PARTIES

4.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Long Beach, in the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant AIS is, and at all times mentioned herein was, a corporation whose primary corporate address is in Delaware.  Defendant AIS, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Defendant AIS is a "self-help", income-generating program which guides consumers financially.  Plaintiff alleges that at all times relevant herein Defendant AIS conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant Prosperity is, and at all times mentioned herein was, a corporation whose primary corporate address in Minnesota.  Defendant Prosperity, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiff alleges that at all times relevant herein Defendant Prosperity conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

7.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

8.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent,

employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

9.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

10.   Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each of the Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

11.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and

abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

12.   Defendant AIS and Defendant Prosperity will be collectively referred to herein as "Defendants."

FACTUAL ALLEGATIONS

13.   At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

14.   Defendant AIS is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

15.   Defendant Prosperity is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

16.   At all times relevant Defendants conducted business in the State of California and in the County of Los Angeles, within this judicial district.

17.   On or about March 26, 2015, at 11:05 a.m., Defendants sent or caused to be sent a text message to Plaintiff's cellular telephone ending in -6357, which stated the following:

> **"Samantha**
> **Was you still looking to generate Daily Money using your Mobile phone in 2015?**
> **Get here: www.is.gd/fDK2F3"**

10.   Defendants used Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text message, including a the aforementioned text message.

11.   Defendants utilized telephone number (307)214-3593 to send its illegal and unsolicited text message to Plaintiff.

12. During all relevant times, Defendants did not possess Plaintiff's express consent to be contacted using an "automated telephone dialing system."

13. These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

14. The telephone number that Defendants, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

15. These telephone text messages constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

16. As of March 26, 2015, Plaintiff did not provide Defendants or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

17. These telephone calls and/or text messages by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

CLASS ACTION ALLEGATIONS

18. Plaintiff brings this individually and on behalf of all others similarly situated ("the Class").

19. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendants without prior express consent.

20. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21.   Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

22.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendants' agents' records.

24.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)   Whether, within the four years prior to the filing of this Complaint, Defendants placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic

telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendants should be enjoined from engaging in such conduct in the future.

28. As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32.   Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

33.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

37.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF

THE TCPA, 47 U.S.C. § 227 ET SEQ.

41. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

43. Any other relief the Court may deem just and proper.

SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF

THE TCPA, 47 U.S.C. § 227 ET SEQ.

44. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

45. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

46. Any other relief the Court may deem just and proper.

///

///

TRIAL BY JURY

47.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Date: April 27, 2015       LAW OFFICES OF TODD M. FRIEDMAN, PC

                                            By: s/Todd M. Friedman
                                                 Todd M. Friedman
                                                 Attorney for Plaintiff